## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VASILIOS PAPPAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-0423** |
| **HOWARD PRINCE** | **SECTION: "G" (1)** |

## ORDER AND REASONS

Before the Court is Respondent Howard Prince's ("Prince") Motion for Reconsideration and Relief from Order,[1] wherein he requests the Court reconsider its prior Order granting Petitioner Vasilios Pappas ("Pappas") an evidentiary hearing on two of Pappas' claims for federal *habeas corpus* relief. The Court has considered the parties' respective filings, the record, and the applicable law. For the reasons that follow, the Court will grant the Motion for Reconsideration and Relief from Order and dismiss Pappas' claims for federal habeas corpus relief with prejudice.

## I. Background

### A. Factual Background[2]

Pappas is a state prisoner incarcerated in Elayn Hunt Correctional Facility in St. Gabriel, Louisiana. On April 27, 2009, he pleaded guilty under Louisiana law to three counts of sexual battery, two counts of second degree kidnapping, four counts of false imprisonment with a dangerous weapon, five counts of aggravated battery, and one count of second degree battery. On April 27, 2009, the state court sentenced Pappas, pursuant to a plea agreement, to serve a term of 15 years without probation, parole, or suspension of

---

[1] Rec. Doc. 18.

[2] The following factual background derives from the Court's Order and Reasons that Prince requests the Court to reconsider. *See* Rec. Doc. 17 at pp. 1-3.

sentence, a term of ten years, and a term of five years, all to run concurrently. On April 30, 2009, Pappas filed a motion to alter his sentence or, in the alternative, withdraw his plea; he withdrew this motion on July 10, 2009.

On or about May 10, 2010, Pappas filed an application for post-conviction relief with the state district court. On June 2, 2010, the state court dismissed two of Pappas's claims and ordered the state to file a response to his remaining claim. On November 11, 2010, Pappas filed a motion to withdraw his guilty plea. On November 16, 2010, the state court denied both the remaining post-conviction claim and the motion to withdraw his guilty plea. Pappas appealed these decisions, and they were denied by both the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court.

On or about February 13, 2012, Pappas filed the instant federal application for habeas corpus relief. In support of his application, he asserted the following claims:

> 1. His counsel was ineffective for failing to appeal the denial of a motion to quash
> 2. His guilty pleas were invalid because he was erroneously led to believe that he would be eligible for "good time" early release; and
> 3. His counsel was ineffective for leading him to believe he would be eligible for a "good time" early release.

The state conceded that Pappas's application was timely, but argued that the application should be dismissed as a "mixed" petition because he had not yet exhausted his state-court remedies with respect to the claim of ineffective assistance of counsel for failing to appeal the denial of a motion to quash. In response, Pappas filed a motion requesting that he be allowed to withdraw that unexhausted claim and proceed only on his two exhausted claims.

### B. The Court's Prior Order and Reasons

This Court issued an Order with Reasons on February 27, 2013, wherein it adopted the magistrate judge's recommendation to allow Pappas to withdraw his unexhausted claim.[3] However, the Court rejected the magistrate judge's recommendation to dismiss Pappas' remaining two claims with prejudice.[4] First, the Court disagreed with the magistrate judge's determination that "there is no evidence that the eligibility for 'good time' was a negotiated term of the plea agreement."[5] Instead, this Court found that Pappas' April 30, 2009, motion to alter or modify his sentence specifically stated that he was under the false impression that he was eligible for "good time."[6] Moreover, the Court noted that Pappas had "provided this Court with several affidavits of people attesting to the importance of the 'good time' eligibility in his decision to accept the plea agreement."[7] Therefore, the Court determined that Pappas was entitled to an evidentiary hearing to determine whether Pappas "would be able to meet his steep burden" to establish his claims for relief.[8]

Second, the Court rejected the magistrate judge's determination that Pappas had not established the prejudice prong of the analysis for a claim of ineffective assistance of counsel. Specifically, the Court found that "there is evidence in the record to support Pappas' contention" that he would not have entered the guilty plea but for his lawyer's

---

[3] Rec. Doc. 17 at pp. 15-16.

[4] *Id.* at pp. 16-19.

[5] *Id.* at pp. 16-17 (quoting Rec. Doc. 15 at p. 13).

[6] *Id.* at p. 17.

[7] *Id.*

[8] *See id.* at pp. 16-19.

erroneous advice that Pappas would be eligible for "good time" release.[9]   The     Court accordingly determined that Pappas "is entitled to an evidentiary hearing to attempt to satisfy his burden on his ineffective assistance of counsel claim."[10] Prince filed the pending motion for reconsideration on March 4, 2013.[11] Pappas filed a "Traverse to State's Motion to Reconsider and Relief from Order" on March 15, 2013.[12] The matter was set for submission on March 27, 2013.

## II. Parties' Arguments

### A. Prince's Arguments in Support of Granting Relief

Prince does not contest the Court's order allowing Pappas to withdraw his unexhausted claim. However, Prince argues that the Court's decision to order an evidentiary hearing on Pappas' remaining two claims is contrary to the United States Supreme Court's recent decision in *Cullen v. Pinholster*.[13] He asserts that *Pinholster* limits a federal court's review of a *habeas* claim that has been adjudicated on the merits in state court to the record that was before the state court.[14] Prince likewise contends that the Fifth Circuit "has rejected the notion that a federal court can consider evidence for the first time on habeas review if the evidence is offered merely to support a claim that has already been presented to the state courts."[15] Prince concludes by asserting that "[t]here is no dispute that the two claims at issue were denied on the merits by the state court, and

---

[9] *Id.* at p. 19.

[10] *Id.*

[11] Rec. Doc. 18.

[12] Rec. Doc. 19.

[13] Rec. Doc. 18-1 at pp. 1-4 (citing 131 S.Ct. 1388 (2011)).

[14] *Id.* at pp. 3-4.

[15] *Id.* (citing *Lewis v. Thaler*, 701 F.3d 783 (5th Cir. 2012)).

accordingly, any consideration of an evidentiary hearing is governed by § 2254(d)."[16] Accordingly, he contends that the Court "should consider the claims solely on the basis of the state court record."[17]

### B. Pappas' Arguments in Opposition

Pappas argues in response that Prince "has read more into *Pinholster* than it actually provides." [18] In particular, Pappas argues that the Supreme Court's decision "never prohibited a federal court from '*ever*' conducting a federal evidentiary hearing in a state court conviction on habeas challenge."[19] Pappas further highlights that this Court's prior Order including findings that (1) the evidence before the state court here establishes that there was a prima facie breach of the terms of Pappas' plea agreement; (2) Pappas was erroneously informed of the plea's terms; and (3) that Pappas' counsel met the deficiency prong of the test for ineffective assistance of counsel.[20] Thus, Pappas argues that the Court "obviously . . . found that the state court decision was based on an unreasonable application of clearly established federal precedent." [21] He asserts that because the state court's determination was unreasonable, the Court acted within its "complete authority" to order an evidentiary hearing.[22]

Pappas contends that "[t]he evidence the Federal Judge made [its] determination from was that same evidence contained in the state-court record."[23] He contends that the

---

[16] *Id.* at p. 4.

[17] *Id.*

[18] Rec. Doc. 19 at p. 1.

[19] *Id.* at p. 3 (emphasis in original).

[20] *Id.* at p. 3.

[21] *Id.* at p. 4.

[22] *Id.*

[23] *Id.*

sole point of the evidentiary hearing ordered in this case is to allow demonstration of the prejudice element of Pappas' ineffective assistance of counsel claim.[24] Moreover, he asserts that the state court adjudicated the merits of this claim, but he argues that "obviously it was clearly wrong in its unreasonable application of the established federal law and the facts before the state-court."[25]

Pappas also contends that Prince's reading of *Pinholster* would render 28 U.S.C. § 2254(e)(2) superfluous.[26] He argues further that a majority of the justices of Supreme Court favor "allowing federal habeas evidentiary hearings on state court convictions."[27] Pappas asserts that his claims were not actually "adjudicated on the merits" in state court because the "mere rejection of the claims by the state-courts, did not adjudicate the merits of the claims."[28] Therefore, he concludes, an evidentiary hearing is proper. Finally, Pappas avers that if the evidence Pappas seeks to present in the federal evidentiary hearing was "not diligently offered in the state-court proceedings" then the Court should find that failure to constitute ineffective assistance of counsel by his state post-conviction attorney.[29]

### III. Standard of Review for Motion for Reconsideration

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[30] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b),

---

[24] *Id.*

[25] *Id.*

[26] *Id.* at p. 5.

[27] *Id.* at p. 6.

[28] *Id.* at p. 8.

[29] *Id.*

[30] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

59(e), or 60(b).[31] Such a motion "calls into question the correctness of a judgment,"[32] and courts have considerable discretion in deciding whether to grant such a motion.[33] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[34] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration, which are typically decided under the Rule 59(e) standard:

> (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2) the movant presents newly discovered or previously unavailable evidence;
> (3) the motion is necessary in order to prevent manifest injustice; or
> (4) the motion is justified by an intervening change in controlling law.[35]

A motion for reconsideration, "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[36] Reconsideration, therefore, is not to be lightly granted.[37] The motion must "clearly establish" that reconsideration is warranted.[38] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[39]

---

[31] *Id.* (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[32] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[33] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[34] *Id.* at 355-56.

[35] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[36] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

[37] *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478-79 (citation omitted).

[38] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[39] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F.Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented). *See also FDIC v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

## IV. Law and Analysis

### A. Law – Habeas Petitioner's Entitlement to Evidentiary Hearing

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 limits the power of a federal court to grant a state prisoner's petition for a writ of *habeas corpus*.[40] In particular:

> Section 2254(a) permits a federal court to entertain only those applications alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." Sections 2254(b) and (c) provide that a federal court may not grant such applications unless, with certain exceptions, the applicant has exhausted state remedies.[41]

> Additionally,

> If an application includes a claim that has been "adjudicated on the merits in State court proceedings," § 2254(d), an additional restriction applies. Under § 2254(d), that application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim":
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[42]

Accordingly, as the United States Supreme Court has explained, the AEDPA sets "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."[43]

Moreover, "[s]ection 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires

---

[40] *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

[41] *Id.*

[42] *Id.*

[43] *Id.* (citations and internal quotation marks omitted).

an examination of the state-court decision at the time it was made."[44] Thus, "review under § 2254(d)(1) is *limited to the record that was before the state court* that adjudicated the claim on the merits."[45] The same limitation applies to the review of the reasonableness of the state court's determination of the facts under section 2254(d)(2).[46]

The Fifth Circuit applied this precedent in *Smith v. Cain*.[47] Specifically, the Fifth Circuit in *Cain* held that a district court may properly order an evidentiary hearing when it has first determined, under the AEDPA section 2254(d)(1), that the state court's determination of a habeas petitioner's claim "was contrary to, or at least involved an unreasonable application of, clearly established Federal law."[48]

In *Cain*, the Fifth Circuit upheld the use of an evidentiary hearing to develop the record on a habeas petitioner's challenge of the state's peremptory strikes at trial.[49] The district court had first determined, pursuant to a magistrate judge's report and recommendation, that the state court's rejection of Smith's *Batson* challenge "was contrary to, or at least involved an unreasonable application of, clearly established Federal law."[50] The district court then adopted the magistrate judge's recommendation that Smith's habeas relief be granted in the form of an evidentiary hearing on his *Batson* claim.[51] The Fifth Circuit held that "the district court did what section 2254(d)(1) allows,

---

[44] *Id.*

[45] *Id.* (emphasis added).

[46] *See Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).

[47] *Smith v. Cain*, 708 F.3d 628 (5th Cir. 2013).

[48] *Id.* at 634.

[49] *Id.* at 631.

[50] *Id.* at 634.

[51] *Id.* At the close of the evidentiary hearing and supplemental briefing based upon the expanded record, the district court "concluded that Smith did not carry his burden of proving purposeful discrimination and denied his application for a writ of habeas corpus." *Id.* at 633. Smith appealed,

and what *Pinholster* does not forbid."[52] Therefore, this Court must consider, based on the record before the state court, whether the state court's rejection of Pappas claims was contrary to, or at least involved an unreasonable application of, clearly established Federal law or was based on an unreasonable determination of the facts. If the Court reaches such a conclusion, it is empowered under *Smith v. Cain* to order an evidentiary hearing on Pappas' claims. Otherwise, Pappas' claims must be dismissed pursuant to section 2254(d).

The Court acknowledges that in its Order & Reasons granting Pappas an evidentiary hearing, it referenced affidavits that Pappas had provided to the Court, and the April 30, 2009, motion to alter his sentence. These documents, however, were not part of the record considered by the state court.[53] As noted above, *Pinholster* limits the Court's section 2254 review to the contents of the record that was before the state court. Accordingly, the Court finds reconsideration appropriate here in that it inappropriately considered evidence not before the state court when it made its initial determination.

### B. Analysis – Section 2254 Review of Pappas' Claims

Pappas seeks habeas relief on two grounds. First, he alleges that his guilty plea was invalid. Second, Pappas alleges that he was denied effective assistance of counsel because he would not have entered into the plea agreement had he known he was ineligible for "good time" early release. Because this Court's review under section 2254(d) is limited to the record that was before the state court, it will be helpful to determine what that record does, and what it does not, contain.

---

arguing that he was entitled to federal habeas relief in the form of remand to the state trial court. *Id.* at 634.

[52] *Id.* at 634.

[53] Rec. Doc. 17 at p. 17.

### 1.   Contents of the State Record

It is undisputed that the affidavits that Pappas submitted to this Court in his objections to the magistrate judge's Report and Recommendation are not part of the record submitted to the state court. In his objections, Pappas asserts that he provided the affidavits to this Court, attached to his objections to the Report and Recommendation, as a "preview" of the evidence he could provide at an evidentiary hearing on his claim.[54] Additionally, the Court has reviewed the five-volume record and is satisfied that it does not contain the affidavits. Therefore, again reconsideration here is appropriate and pursuant to section 2254(d) and *Pinholster*, the Court will reconsider Pappas' claims for habeas relief without regard to the affidavits submitted with his objection to the magistrate judge's Report and Recommendation.

As noted above, Pappas filed a motion on April 30, 2009, to alter his sentence or withdraw his plea.[55] He withdrew this motion on July 10, 2009.[56] Pappas did not present the motion, or the certifications made therein by Pappas' lawyer, to any of the state post-conviction courts that adjudicated his claims. Instead, at Pappas' post-conviction hearing before the trial judge, Pappas chose to limit the evidence on this question, and all issues related to the validity of his guilty plea, to the transcript of the April 27, 2009, sentencing hearing.[57] In particular, the court asked Pappas' attorney, "there's not the necessity for any testimony or anything else in this hearing; is that correct? It's going to be submitted on

---

[54] Rec. Doc. 16 at p. 15.

[55] *See* Rec. Doc. 9 (Answer) at p. 2 (noting Pappas' motion to reconsider and reform sentence was filed on April 30, 2009).

[56] *See* State Rec., Vol. II, Motion to Withdraw Motion to Reconsider and Reform Sentence, and Order granting motion.

[57] State Rec. Vol. II, Tr. of November 16, 2010, hearing at p. 3.

the transcript and argument?"[58] Pappas' attorney replied, "Absolutely, Your Honor."[59] After that court denied Pappas' claims for post-conviction relief, Pappas appealed to Louisiana's First Circuit Court of Appeal and the Louisiana Supreme Court. Pappas did not present any new evidence to those tribunals, and he instead argued his claims based solely upon the transcript of the April 27, 2009, sentencing proceedings and on the transcript of the November 16, 2010, post-conviction proceedings before the trial court. In short, the withdrawn April 30, 2009, motion to reconsider Pappas' sentence was not presented to any post-conviction state court. Accordingly, it cannot be considered here. Therefore, the only evidence this Court may consider as it analyzes Pappas' claims are the transcripts for the April 27, 2009, and November 16, 2010, proceedings.

### 2.  *Validity of Guilty Plea*

Pappas contends that the state breached the plea agreement, arguing that Pappas "was repeatedly assured he would only be required to serve 85% of the sentence imposed" before he would be released from prison.[60]

When a defendant pleads guilty based on a promise by a prosecutor, "whether or not such a promise is fulfillable, breach of that promise taints the voluntariness of his plea."[61] However, relief for such a breach is warranted only "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration."[62]

---

[58] *Id.*

[59] *Id.*

[60] *See* Rec. Doc. 14 at p. 7.

[61] *McKenzie v. Wainwright*, 632 F.2d 649, 651 (5th Cir. 1980) (citing *Brady v. United States*, 397 U.S. 742, 755 (1969)).

[62] *Santobello v. New York*, 404 U.S. 257, 262 (1971).

The state court that denied Pappas' post-conviction motion to withdraw his guilty plea determined that Pappas' plea agreement "was finally arrived at after lengthy negotiation that involved a plea to many violations of various statutes involving numerous victims, and not an inducement to enter the guilty plea because of any erroneous advice given by counsel."[63]

According to the transcript of the April 27, 2009, sentencing proceeding, the judge who sentenced Pappas noted that Pappas was "attempting to plead guilty pursuant to an understanding which you have of your sentence" and informed Pappas that "the 15-year sentence imposed is without benefit of probation, parole, or suspension of sentence."[64] The transcript of the proceedings continues:

> BY MR. PAPPAS:
> Say again. Without benefit of?
> BY THE COURT:
>      Probation, parole, or suspension of sentence. . . .
> BY MR. PAPPAS:
>      So that means I would do how much of the 15?
> BY THE COURT:
>      I'm not going to represent to you how the Department of Corrections is going to compute your time. All I'm going to tell you is that I'm imposing that sentence, and however they compute good time or anything else is completely up to the Department of Corrections.
> BY MR. PAPPAS:
>      Okay.
> BY THE COURT:
>      All right. Now is that your understanding of the sentence?
> . . .
> BY MR. PAPPAS:
>      Yes.
> BY THE COURT:
>      You've discussed all of this with your attorney?
> BY MR. PAPPAS:
>      Yes, sir.
> BY MR. FAWER [Pappas' attorney]:

---

[63] State Rec. Vol. II, Tr. of November 16, 2010, hearing at p. 13.

[64] State Rec., Vol. II, Tr. of Proceedings of April 27, 2009, at p. 26.

>   *For the record, Your Honor, just so you understand what I*
> *said to Mr. Pappas, is that would be a max of 85 percent of the 15.*
>   BY THE COURT:
>       I can't represent that.
>   BY MR. FAWER:
>       I know that. I'm just telling you what I said. It can't be more
> than that, and, of course, then there's credit for time served.
>   BY MR. OUBRE [prosecutor]:
>       *My understanding is that 85 percent is a good time rate. It's*
> *something that he has to earn*, so it could be more than that if there was
> bad behavior in prison.
>   BY MR. FAWER:
>       I understand that, but it's 85 percent.
>   BY THE COURT:
>       There will be credit for time served. I am not denying good
> time, but how the Department of Corrections computes your sentence is up
> to them, not me. Do you understand that?
>       . . .
>   BY MR. PAPPAS:
>       Yes.[65]

This colloquy tends to establish that Pappas expected that he would be eligible for good time, because Pappas clearly asked the trial court how much of the sentence he would have to serve and because his attorney expressly invoked the provision and asserted that he had explained it to Pappas. Moreover, the transcript establishes, at a minimum, that the prosecution was aware that Pappas believed he was eligible to try to earn "good time" early release. However, the transcript does not establish whether the plea agreement between the state and Pappas was actually conditioned upon Pappas' eligibility for "good time." The prosecutor's statement that his "understanding is that 85 percent is a good time rate" that Pappas would have to earn is not itself evidence of what the plea agreement actually contained. Nowhere in the transcript does the prosecution or defense attorney state that a condition of the plea agreement was that Pappas would serve 85 percent of his sentence.

---

[65] *Id.* at pp. 26-28 (emphasis added).

Therefore, because the state post-conviction court lacked any evidence as to whether Pappas' eligibility for good time release was a condition of the agreement, the state post-conviction court's decision to deny relief on this claim cannot be contrary to, or involve an unreasonable application of, clearly established federal law that allows habeas relief for a breach of a plea agreement that "rests in any significant degree *on a promise or agreement of the prosecutor*, so that it can be said to be part of the inducement or consideration."[66] Accordingly, because AEDPA section 2254(d)(1) requires deference to such a determination based upon the record before the state court, the Court cannot disturb it, and so Pappas' claim for federal habeas relief on this claim must be denied.

### 3. Ineffective Assistance of Counsel

Pappas' second claim for habeas relief is that his counsel rendered unconstitutionally ineffective assistance. The United States Supreme Court has established that the test for ineffective assistance of counsel based upon entry of a plea agreement requires a habeas petitioner to establish two things.[67] First, he must show that his attorney's conduct was not within the range of competence demanded of attorneys in criminal cases.[68] Next, the petitioner must establish that "counsel's constitutionally defective performance affected the outcome of the plea process."[69]

---

[66] *Santobello*, 404 U.S. at 262 (emphasis added).

[67] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (citations and internal quotation marks omitted).

[68] *Id.* (citations omitted).

[69] *Id.* at 59.

### a. Counsel's Conduct in Failing to Determine that Pappas was Ineligible for "Good Time" Early Release.

The Supreme Court has clearly established that defendants are entitled to representation that does not "fall below an objective standard of reasonableness."[70] Moreover, as the Fifth Circuit has explained in the context of advising a defendant on whether to plead guilty,

> [i]t is the lawyer's duty to ascertain if the plea is entered voluntarily and knowingly. He must actually and substantially assist his client in deciding whether to plead guilty. It is his job to provide the accused an 'understanding of the law in relation to the facts.' The advice he gives need not be perfect, but it must be reasonably competent. *His advice should permit the accused to make an informed and conscious choice.* In other words, if the quality of counsel's service falls below a certain minimum level, the client's guilty plea cannot be knowing and voluntary because it will not represent an informed choice. *And a lawyer who is not familiar with the facts and law relevant to his client's case cannot meet that required minimal level.*[71]

Here, Pappas' lawyer stated during his sentencing hearing that he had advised Pappas of his eligibility for "good time" early release. However, Pappas was not ineligible. Therefore, counsel was not "familiar with the . . . law relevant to his client's case." Instead, Pappas' counsel led him to believe that it was possible that he could serve less time, if he behaved appropriately during incarceration, than was legally possible. In short, the lawyer's ignorance of the law regarding whether "good time" early release applied to Pappas' charged crimes rendered Pappas unable to make "an informed and conscious choice" to plead guilty. Accordingly, this conduct amounted to a constitutionally defective performance.

---

[70] *See Hill*, 474 U.S. at 57 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

[71] *Herring v. Estelle*, 491 F.2d 125, 128 (5th Cir. 1974) (emphasis added).

### b. *Prejudicial Effect of Counsel's Unreasonable Conduct*

Even so, Pappas next must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[72] As discussed above, the state court record contains the transcript of the sentencing proceedings.

The state court that denied Pappas' post-conviction motion to withdraw his guilty plea determined that "I don't think there was a reliance on [the defense attorney's] representations of good time that induced him to make the plea."[73] That court, which also presided over the April 27, 2009, sentencing proceeding, reasoned that during the sentencing proceeding the court had "adequately rehabilitated any misunderstanding that may have arisen, and I don't think there was a reliance that would support the granting of post-conviction relief."[74]

However, during the April 27, 2009, sentencing proceeding, the trial court stated that "how the Department of Corrections computes your sentence is up to them, not me[,]" and it further informed Pappas that "part of the sentence is *if you do not do a hundred percent of your time* and if you are released on parole, you will have to register as a sex offender."[75] This statement is not by itself sufficient to "rehabilitate[] any misunderstanding" regarding Pappas' sentence, because it never informed Pappas that he was statutorily ineligible for "good time" early release. In contrast to statements by Pappas' counsel during that same proceeding, and by reference to good time by the

---

[72] *Hill*, 474 U.S. at 59.

[73] State Rec. Vol. II, Tr. of November 16, 2010, hearing at p. 12.

[74] *Id.* at p. 13.

[75] State Rec., Vol. II, Tr. of Proceedings of April 27, 2009, at pp. 28-29 (emphasis added).

prosecution, the lack of clarification during the sentencing proceeding ensured that Pappas continued to be misinformed about his eligibility for "good time."

Nonetheless, as discussed above, Pappas agreed to plead guilty to multiple counts of sexual battery and kidnapping; in exchange for this agreement, the state agreed to reduce three charges of forcible rape to lesser charges of sexual battery, other charges were nolle prossed, and an out-of-state victim agreed not to pursue charges in another state.[76] Likewise, the agreement called for the sentences to run concurrently, resulting in a single 15-year sentence.[77] As the state post-conviction court noted, these were substantial concessions to a defendant charged with rape and kidnapping. Therefore, it would not be an unreasonable determination by the state court, based upon the record before it, to determine that such concessions would have been such a strong inducement to plead guilty that Pappas would have done so even if his lawyer had competently advised Pappas that he was not eligible for "good time" early release and that therefore he was not prejudiced even if his counsel was ineffective.

Finding that the state court's determination to that end was not contrary to, nor the result of an unreasonable application of, clearly established federal law, and finding that it likewise was not based upon an unreasonable determination of the facts as presented to the state court, the Court must defer to the state court's decision. Accordingly, Pappas' claim for habeas relief on the ground of ineffective assistance of counsel must be denied.

---

[76] *See* State Rec., Vol. II, Tr. of Proceedings of April 27, 2009, at pp. 2-4.

[77] *Id.*

## **V. Conclusion**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Prince's Motion for Reconsideration and Relief from Order[78] is **GRANTED**;

**IT IS FURTHER ORDERED** that Pappas' claims for federal habeas corpus relief on the grounds of an invalid guilty plea and ineffective assistance of counsel are **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this ___18th___ day of October, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---
[78] Rec. Doc. 18.