## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VASILIOS PAPPAS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-423** |
| **HOWARD PRINCE** | **SECTION "G" (1)** |

### ORDER AND REASONS

Before the Court is Petitioner Vasilios Pappas's ("Petitioner")"Motion for Reconsideration and Relief From Judgment, Under Federal Rules of Civil Procedure 54(b), 59(e) and/or 60(b),"[1] wherein he requests the Court reconsider its prior Order dismissing his claims for federal *habeas corpus* relief. Subsequently, Petitioner also filed a "Motion to Amend/Supplement Original 28 USC § 2254 Habeas Corpus Application and/or, Alternatively, a Motion to Vacate Judgment and Reconsider."[2] In his motion to amend/vacate, Petitioner, who is proceeding *pro se*, "prays that this court permit this amendment/supplement of his original habeas action herein, and consider these claims, as argued morefully [sic] in the accompanying memorandum in support, in due consideration of the Motion to Vacate and Reconsider before the court."[3] In his motion to amend/vacate, Petitioner repeats arguments made in his motion for reconsideration. Accordingly, the pending motion is properly construed as another motion for reconsideration, and the Court will treat the two motions together. The Court has considered Petitioner's arguments, the record and the applicable law. For the reasons that follow, the Court will deny both motions.

---

[1] Rec. Doc. 22.

[2] Rec. Doc. 23.

[3] *Id.* at 6.

## I. Background

### A. Factual Background[4]

Petitioner is a state prisoner incarcerated in Elayn Hunt Correctional Facility in St. Gabriel, Louisiana. On April 27, 2009, he pleaded guilty under Louisiana law to three counts of sexual battery, two counts of second degree kidnapping, four counts of false imprisonment with a dangerous weapon, five counts of aggravated battery, and one count of second degree battery. On April 27, 2009, the state court sentenced Petitioner, pursuant to a plea agreement, to serve a term of 15 years without probation, parole, or suspension of sentence, a term of ten years, and a term of five years, all to run concurrently. On April 30, 2009, Petitioner filed a motion to alter his sentence or, in the alternative, withdraw his plea; he withdrew this motion on July 10, 2009.

On or about May 10, 2010, Petitioner filed an application for post-conviction relief with the state district court. On June 2, 2010, the state court dismissed two of Petitioner's claims and ordered the state to file a response to his remaining claim. On November 11, 2010, Petitioner filed a motion to withdraw his guilty plea. On November 16, 2010, the state court denied both the remaining post-conviction claim and the motion to withdraw his guilty plea. Petitioner appealed these decisions, and they were denied by both the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court. On or about February 13, 2012, Petitioner filed the instant federal application for habeas corpus relief.

### B. The Court's Prior Orders and Reasons

This Court issued an Order with Reasons on February 27, 2013, rejecting the Magistrate

---

[4] The following factual background derives from the Court's Order and Reasons that Prince requests the Court to reconsider. *See* Rec. Doc. 17 at 1–3.

Judge's recommendation to dismiss Petitioner's claims with prejudice.[5] First, the Court disagreed with the Magistrate Judge's determination that "there is no evidence that the eligibility for 'good time' was a negotiated term of the plea agreement."[6] Instead, this Court found that Petitioner's April 30, 2009 motion to alter or modify his sentence specifically stated that he was under the false impression that he was eligible for "good time."[7] Moreover, the Court noted that Petitioner had "provided this Court with several affidavits of people attesting to the importance of the 'good time' eligibility in his decision to accept the plea agreement."[8] Therefore, the Court determined that Petitioner was entitled to an evidentiary hearing to determine whether Petitioner "would be able to meet his steep burden" to establish his claims for relief.[9]

Second, the Court rejected the Magistrate Judge's determination that Petitioner had not established the prejudice prong of the analysis for a claim of ineffective assistance of counsel.[10] Specifically, the Court found that there was evidence in the record to support Petitioner's contention that he would not have entered the guilty plea but for his lawyer's erroneous advice that Petitioner would be eligible for "good time" release.[11] The Court accordingly determined that Petitioner was entitled to an evidentiary hearing to attempt to satisfy his burden on his ineffective assistance of

---

[5] Rec. Doc. 17 at 16–19.

[6] *Id*. at 16–17.

[7] *Id*. at 17.

[8] *Id*.

[9] *Id*. at 16–19.

[10] *Id*. at 19.

[11] *Id*.

counsel claim.[12]

On March 4, 2013, Respondents filed a motion for reconsideration.[13] The Court issued an Order with Reasons on October 18, 2013, granting the Motion for Reconsideration and dismissing Petitioner's claims with prejudice.[14] The Court re-examined Petitioner's claims under *Cullen v. Pinholster*, which limits the Court's section 2254 review to the contents of the record that was before the state court.[15] The Court acknowledged that in its Order & Reasons granting Petitioner an evidentiary hearing, it referenced affidavits that Petitioner had provided to the Court, and the April 30, 2009, motion to alter his sentence.[16] These documents, however, were not part of the record considered by the state court.[17] Accordingly, the Court found reconsideration appropriate that it inappropriately considered evidence not before the state court when it made its initial determination.[18]

The Court found because the state post-conviction court lacked any evidence as to whether Petitioner's eligibility for good time release was a condition of the agreement, the state post-conviction court's decision to deny relief on this claim cannot be contrary to, or involve an unreasonable application of, clearly established federal law that allows habeas relief for a breach of a plea agreement that "rests in any significant degree on a promise or agreement of the prosecutor,

---

[12] *Id.*

[13] Rec. Doc. 18.

[14] Rec. Doc. 20.

[15] *Id.* at 8–9.

[16] *Id.* at 10.

[17] *Id.*

[18] *Id.*

so that it can be said to be part of the inducement or consideration."[19]  Accordingly, the Court denied Petitioner's claim, finding that because AEDPA section 2254(d)(1) requires deference to such a determination based upon the record before the state court, the Court could not disturb  the decision.[20]

This Court also found that Petitioner's lawyer's ignorance of the law regarding whether "good time" early release applied to Petitioner's charged crimes rendered Petitioner unable to make "an informed and conscious choice" to plead guilty.[21] Accordingly, the Court found this conduct amounted to a constitutionally defective performance.[22] However, the Court noted that the State made several concessions in exchange for Petitioner's agreement to plead guilty—it reduced three charges of forcible rape to lesser charges of sexual battery, other charges were nolle processed and an out-of-state victim agreed not to pursue charges in another state.[23] The Court found it would not be an unreasonable determination by the state court, based upon the record before it, to determine that the concessions made by the State would have been such a strong inducement to plead guilty that Petitioner would have done so even if his lawyer had competently advised Petitioner that he was not eligible for "good time" early release and that therefore he was not prejudiced even if his counsel was ineffective.[24] Finding that the state court's determination to that end was not contrary to, nor the result of an unreasonable application of, clearly established federal law, and finding that it likewise

---

[19] *Id.* at 15 (quoting *Santobello v. New York*, 404 U.S. 257, 262 (1971).

[20] *Id.*

[21] *Id.* at 16.

[22] *Id.*

[23] *Id.* at 18.

[24] *Id.*

was not based upon an unreasonable determination of the facts as presented to the state court, the Court deferred to the state court's decision.[25]  Accordingly, the Court denied Petitioner's claim for habeas relief on the ground of ineffective assistance of counsel.[26] Petitioner subsequently filed the pending motions.

## II. Arguments

### A. Arguments Made in Petitioner's "Motion for Reconsideration and Relief From Judgment, Under Federal Rules of Civil Procedure 54(b), 59(e) and/or 60(b)"

Petitioner contends the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "unconstitutionally usurps the authority of the Judiciary of the United States to uphold the United States Constitution; delegating that authority to state courts, wherein the United States Judiciary is then mandated to adhere to state court adjudication of facts and law, even if the federal judiciary would find this adjudication to be an 'erroneous' or 'incorrect' application of federal jurisprudence by the state court."[27] He argues that the his "lawyer's ignorance of the law regarding whether 'good time' early release applied to [Petitioner's] charged crimes rendered [him] unable to make an 'informed and conscious choice' to plead guilty."[28] Petitioner contends the Court erred in failing to consider the severity of an additional 27 month prison term.[29] He also contends that the Supreme Court's recent decision in *Martinez v. Ryan* "would equitably excuse the procedural bar" to an

---

[25] *Id.*

[26] *Id.*

[27] Rec. Doc. 22-1 at 3.

[28] *Id.* at 9.

[29] *Id.* at 12.

evidentiary hearing by the court.[30] He argues, "It would constitute an oxymoron and an inequitable holding to state that *Martinez* stands to excuse the state procedural bars possible to such ineffective assistance of PCR counsel claims, but that it does not apply with equal force to federal procedural bars."[31]

**B. Arguments Made in Petitioner's "Motion to Amend/Supplement Original 28 USC § 2254 Habeas Corpus Application and/or, Alternatively, a Motion to Vacate Judgment and Reconsider"**

Petitioner argues he filed a second application for post-conviction relief with the state court arguing: "(1) ineffective assistance of plea counsel; (2) denial of counsel on direct appeal to argue ineffective assistance of trial counsel; and (3) denial of counsel on initial collateral review of ineffective assistance of counsel claims."[32] The state district court denied Petitioner relief, holding that his petition was time-barred.[33] The state district court also noted that the ruling of the Supreme Court in *Martinez* was inapplicable to the facts of his case.[34] Petitioner contends this holding was contrary to, or involved an unreasonable application of clearly established federal law.[35] Petitioner requests that this Court allow him to amend or supplement his original habeas petition to add the claims he raised before the state district court.[36]

---

[30] *Id.* at 16–17 (citing *Martinez v. Ryan*, 132 S.Ct. 1309 (2011)).

[31] *Id.* at 21.

[32] Rec. Doc. 23-1 at 3.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36]  *Id.* at 4.

*C. State's Response*

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing on October 31, 2013.

### III. Standard of Review for Motion for Reconsideration

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[37] it has consistently recognized that such a motion may challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[38]  When a party seeks to revise an order that adjudicates fewer than all the claims among all of the parties, Federal Rule of Civil Procedure 54(b) controls:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.[39]

Under Rule 54(b), the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient"[40] However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays.[41]

The general practice of courts in the Eastern District of Louisiana has been to evaluate Rule

---

[37] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).

[38] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at **3-4 (E.D. La. Apr. 5, 2010) (Vance, C.J.) (Rule 54).

[39] Fed. R. Civ. Pro. R. 54(b)

[40] *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).

[41] *See Calpetco 1981 v. Marshall Exploration, Inc.*, 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 4478.1 (2d ed. 2002)

8

54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[42] Such a motion "calls into question the correctness of a judgment,"[43] and courts have considerable discretion in deciding whether to grant such a motion.[44] In exercising this discretion, courts must carefully balance the interests of justice with the need for finality.[45]  Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration under the Rule 59(e) standard:

> (1)    the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;
> (2)    the movant presents newly discovered or previously unavailable evidence;
> (3)    the motion is necessary in order to prevent manifest injustice; or
> (4)    the motion is justified by an intervening change in controlling law.[46]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments. . . .'"[47]  Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[48]  "It is well settled that motions for reconsideration should not be used . . .  to re-urge matters that have already

---

[42]See, e.g., *Castrillo*, 2010 WL 1424398, at *3; *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at *1 (E.D. La. Apr. 16, 2009) (Duval, J.).

[43] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.)*, 303 F.3d 571, 581 (5th Cir. 2002).

[44] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

[45] *Id.* at 355-56.

[46] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[47] *Id.* (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

[48] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

been advanced by a party."[49]

Reconsideration, therefore, is not to be lightly granted, as "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly"[50] and the motion must "clearly establish" that reconsideration is warranted.[51]  When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted.[52]

## IV. Law and Analysis

Aside from his general argument that the AEDPA is unconstitutional, Petitioner does not point to a "manifest error of law or fact upon which the judgment is based."[53] Furthermore, Petitioner does not "present[] newly discovered or previously unavailable evidence."[54] Petitioner does not show that the motion is "necessary in order to prevent manifest injustice."[55] Finally, Petitioner does not demonstrate that "the motion is justified by an intervening change in controlling law."[56]

---

[49] *Helena Labs Corp. v. Alpha Scientific Corp.*, 483 F. Supp. 2d 538, 539 (citing *Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

[50] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (citation omitted).

[51] *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

[52] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002); *see also Mata v. Schoch*, 337 BR 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).

[53] *See, e.g.*, *Castrillo*, 2010 WL 1424398, at *4 (citations omitted).

[54] *See, e.g.*, *id.*

[55] *See, e.g.*, *id.*

[56] *See, e.g.*, *id.*

As the Court explained in its order denying Petitioner's claims, the AEDPA limits the power of federal courts to grant Writs of *Habeas Corpus* in cases where a state court has adjudicated the petitioner's claim on the merits.[57] Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court."[58] Under 28 U.S.C. § 2254(d)(2), factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."[59] Accordingly, as the United States Supreme Court has explained, the AEDPA sets "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt."[60]

Moreover, "[s]ection 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made."[61] Thus, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[62] The same limitation applies to the review

---

[57] *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[58] 28 U.S.C. §2254(d)(1).

[59] 28 U.S.C. §2254(d)(2); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

[60] *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

[61] *Id.*

[62] *Id.*

of the reasonableness of the state court's determination of the facts under section 2254(d)(2).[63]

In the instant case, during the state post-conviction proceedings, the state district court addressed Petitioner's ineffective assistance of counsel claim on the merits. As the record shows, the state court identified the governing legal standard found in *Strickland* and applied it to Petitioner's ineffective assistance of counsel claim. Because Petitioner repeated the same ineffective-assistance claim on federal *habeas* corpus review, the central question was "not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—a substantially higher threshold."[64] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[65] Thus, this standard is considered "doubly deferential" on *habeas corpus* review.[66]

In its October 18, 2013 Order and Reasons, this Court found that Petitioner's trial counsel's conduct amounted to a constitutionally defective performance. However, the Court noted that the State made several concessions in exchange for Petitioner's agreement to plead guilty—it reduced three charges of forcible rape to lesser charges of sexual battery, other charges were nolle processed and an out-of-state victim agreed not to pursue charges in another state. The Court found it would not be an unreasonable determination by the state court, based upon the record before it, to determine that the concessions made by the State would have been such a strong inducement to

---

[63] *See Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).

[64] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)) (quotation marks omitted).

[65] *Id.*

[66] *Id.*

plead guilty that Petitioner would have done so even if his lawyer had competently advised Petitioner that he was not eligible for "good time" early release and that therefore he was not prejudiced even if his counsel was ineffective. Petitioner has made no new argument demonstrating that the state court's decision denying his claim was contrary to, or involved an unreasonable application of clearly established federal law, as required by the Supreme Court.

Further, Petitioner's reliance on *Martinez v. Ryan* is misplaced. A *habeas corpus* claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[67] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[68] "To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[69] A showing of ineffective assistance of counsel may be one such external factor.[70] In *Martinez v. Ryan*, the Supreme Court held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.[71] In the instant case, Petitioner was not procedurally defaulted from raising his ineffective assistance of counsel claim. He raised the claim during his state post-conviction relief proceedings and on

---

[67] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[68] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[69] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[70] *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992).

[71] *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

13

federal *habeas* review.

Finally, Petitioner contends the AEDPA "unconstitutionally usurps the authority of the Judiciary of the United States to uphold the United States Constitution; delegating that authority to state courts. . ." The Fifth Circuit Court of Appeals has rejected constitutionality challenges to section 2254(d)(1), finding it "does not intrude on the independent adjudicative authority of the federal courts. Rather, it limits the grounds on which federal courts may grant the habeas remedy to upset a state conviction."[72] Accordingly, the Court finds Petitioner's constitutional claim without merit.

The Court notes that Petitioner seeks to amend or supplement his original *habeas* petition to add the claims he raised before the state district court. However, these claims present the same arguments that Petitioner raised in his original motion for reconsideration, which were addressed thoroughly herein, and are without merit.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Reconsideration and Relief From Judgment, Under Federal Rules of Civil Procedure 54(b), 59(e) and/or 60(b)" and his "Motion to Amend/Supplement Original 28 USC § 2254 Habeas Corpus Application and/or, Alternatively, a Motion to Vacate Judgment and Reconsider" are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __28th___ day of July, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[72] *Cobb v. Thaler*, 648 F.3d 364, 374 (5th Cir. 2012).

14