UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| VASILIOS PAPPAS | CIVIL ACTION |
| VERSUS | NO. 12-423 |
| HOWARD PRINCE, WARDEN | SECTION "G" |

## ORDER

Before the Court is Petitioner Vasilios Pappas's "Motion for Issuance of a Certificate of Appealability."[1] "A COA [Certificate of Appealability] will issue only if the requirements of [28 U.S.C.] § 2253 have been satisfied."[2] Section 2253(c) permits issuance of a COA when "a petitioner has made a 'substantial showing of the denial of a constitutional right.'"[3] "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"[4] When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[5]

The petitioner must demonstrate "'something more than the absence of frivolity or the existence of mere 'good faith' on his or her part.'"[6] However, a COA should not be denied "merely

---

[1] Rec. Doc. 26.

[2] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

[3] *Id.* (quoting 28 U.S.C. § 2253(c)).

[4] *McGowen v. Thaler*, 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[5] *Id.* (quoting *Slack*, 529 U.S. at 484).

[6] *Id.* (quoting *Miller-El*, 537 U.S. at 338).

because [the court] believes the applicant will not demonstrate an entitlement to relief."[7] In addition "any doubts as to whether a COA should be granted are resolved in the petitioner's favor,"[8] and the severity of the penalty may be a consideration in deciding whether a petitioner has made a "substantial showing."[9]

As the Court explained in its order denying Petitioner's claims, the AEDPA limits the power of federal courts to grant Writs of *Habeas Corpus* in cases where a state court has adjudicated the petitioner's claim on the merits.[10] Under 28 U.S.C. § 2254(d)(1), a federal court must defer to the state court's decision as to questions of law and mixed questions of law and fact unless it "was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court."[11] Moreover, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[12]

In its October 18, 2013 Order and Reasons, the Court found it would not be an unreasonable determination by the state court, based upon the record before it, to determine that the concessions made by the State would have been such a strong inducement to plead guilty that Petitioner would have done so even if his lawyer had competently advised Petitioner that he was not eligible for "good time" early release and that therefore he was not prejudiced even if his counsel was ineffective. Petitioner contends that all records he relies upon now were available during the state court proceeding, but that his attorney failed to utilize them. The affidavits that Petitioner produced for the first time when objecting to the Magistrate Judge's Report and Recommendation with the

---

[7] *Id.* (quoting *Miller-El*, 537 U.S. at 337).

[8] *Id.*

[9] *See id.*; *Hill v. Johnson*, 2010 F.3d 481 484 (5th Cir. 2000) ("[W]e may consider the severity of his penalty in determining whether he has met his 'substantial showing' burden.").

[10] *See Hill*, 210 F.3d at 485.

[11] 28 U.S.C. §2254(d)(1).

[12] *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

district court stated that early "good time" release was important to his decision to plead guilty. The affidavits only further supported the allegations Petitioner advanced at the time his case was under review by the state court. The state court rejected Petitioner's claims on the merits finding that even if his attorney was ineffective such ineffectiveness was not prejudicial to him. Therefore, this Court's inability to accept such new evidence is of no moment. Petitioner has made no new argument demonstrating that the state court's decision denying his claim was contrary to, or involved an unreasonable application of clearly established federal law, as required by the Supreme Court.

Further, Petitioner's reliance on *Martinez v. Ryan* is misplaced. In *Martinez v. Ryan*, the Supreme Court held that inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.[13] In the instant case, Petitioner was not procedurally defaulted from raising his ineffective assistance of counsel claim. He raised the claim during his state post-conviction relief proceedings and on federal *habeas* review.

Accordingly, the Court finds that reasonable jurists could not find its assessment of the constitutional claims debatable, and thus Petitioner has not made the requisite substantial showing. Accordingly,

**IT IS HEREBY ORDERED** that a Certificate of Appealability is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 15th day of September, 2014.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[13] *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).